IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff and Respondent,<br>   v.<br><br>DAVID HARPER,<br><br>  Defendant and Petitioner.<br>_____/ | No. CR-89-0097 SI<br>(Civil No. C 05-1006 SI)<br><br>**ORDER DENYING MOTION TO SET ASIDE, VACATE OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255**; **AND VACATING BRIEFING SCHEDULE** |

Now before the Court is petitioner's motion to set aside, vacate or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner argues that his sentence was unconstitutional because he received an enhancement for playing a "Leadership Role" in the criminal offense that violates his Sixth Amendment right as provided in Blakely v. Washington, 542 U.S. 296 (2004) and its progeny.

However, petitioner has been in custody since 1989 and has previously exhausted his direct appeal. See Mot. at 1. Petitioner asks this Court to conduct a collateral review of his Blakely claim. However, Blakely announced a new constitutional rule of criminal procedure that does not apply retroactively on habeas or collateral review. Schardt v. Payne, 414 F.3d 1025, 1038 (9th Cir. 2005); see Bey v. United States, 399 F.3d 1266, 1269 (10th Cir. 2005); Green v. United States, 397 F.3d 101, 103 (2nd Cir. 2005); In re Anderson, 396 F.3d 1336, 1339 (11th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005).

Therefore, petitioner's motion is DENIED. The briefing schedule set out in this Court's Order filed August 23, 2005 is VACATED.

**IT IS SO ORDERED.**

Dated: September 13, 2005

_____
SUSAN ILLSTON
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff and Respondent,<br>　v.<br><br>DAVID HARPER,<br><br>　　　　Defendant and Petitioner.<br>_____/ | No. CR-89-0097 SI<br>(Civil No. C 05-1006 SI)<br><br>**ORDER DENYING MOTION TO SET ASIDE, VACATE OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255; AND VACATING BRIEFING SCHEDULE** |

　　　　Now before the Court is petitioner's motion to set aside, vacate or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner argues that his sentence was unconstitutional because he received an enhancement for playing a "Leadership Role" in the criminal offense that violates his Sixth Amendment right as provided in Blakely v. Washington, 542 U.S. 296 (2004) and its progeny.

　　　　However, petitioner has been in custody since 1989 and has previously exhausted his direct appeal. See Mot. at 1. Petitioner asks this Court to conduct a collateral review of his Blakely claim. However, Blakely announced a new constitutional rule of criminal procedure that does not apply retroactively on habeas or collateral review. Schardt v. Payne, 414 F.3d 1025, 1038 (9th Cir. 2005); see Bey v. United States, 399 F.3d 1266, 1269 (10th Cir. 2005); Green v. United States, 397 F.3d 101, 103 (2nd Cir. 2005); In re Anderson, 396 F.3d 1336, 1339 (11th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005).

　　　　Therefore, petitioner's motion is DENIED. The briefing schedule set out in this Court's Order filed August 23, 2005 is VACATED.

　　　　**IT IS SO ORDERED.**

Dated: September 13, 2005

　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　SUSAN ILLSTON
　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge